**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

| | | |
|---|---|---|
| U N I T E D   S T A T E S, | ) | Misc. Dkt. No.  2013-31 |
| Respondent | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Airman Basic (E-1) | ) | |
| STEVEN M. CHAPMAN, | ) | |
| USAF, | ) | |
| Petitioner - *Pro se* | ) | Panel No. 1 |

In a Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus, dated 15 July 2013, that was filed by the Petitioner – Pro se, under the All Writs Act, 28 U.S.C. § 1651, the Petitioner – Pro se requested that this Court order a hearing in accordance with *United States v. Dubay,* 17 U.S.M.A. 147, 37 C.M.R. 411 (C.M.A.1967), to address three issues:  1) Whether the Court has the authority to order the Air Force Judge Advocate General to appoint appellate counsel to assist the Petitioner's in a collateral attack upon his court-martial; 2) Whether the military judge had a sua sponte duty to give an instruction on false confession and, 3) whether the Petitioner's received ineffective assistance during his trial and on appeal.

On 16 March 2012, the Petitioner filed a writ of Habeas Corpus asking this Court to appoint counsel to assist him with the filing of a Petition for Extraordinary Relief.  On 28 September 2012, this Court notified the Petitioner that this Court does not possess the authority under either Article 70, UCMJ, 10 U.S.C. § 870, or A.F. COURT OF CRIM. APP. R. PRAC. AND PROC. 11 (2011) to appoint appellate defense counsel to the petitioner.  In accordance with the provisions of Article 70, UCMJ, and Rule 11, any appointment of appellate defense counsel would be determined by The Judge Advocate General of the Air Force.  On 4 December 2012, The Judge Advocate General of the Air Force denied the Petitioner's request for appellate counsel.

Accordingly, it is by the Court on this 25th day of February, 2014,

**ORDERED:**

That the Petitioner – Pro se is hereby notified that because the Petitioner's appellate review is final and conclusive under Article 76, UCMJ, 10 U.S.C. § 876, and the Petitioner's dishonorable discharge was executed, this Court does not possess the

authority under either Article 70, UCMJ, 10 U.S.C. § 870, or A.F. COURT OF CRIM. APP. R. PRAC. AND PROC. 11 (2011) to order the Judge Advocate of the Air Force to appoint appellate defense counsel to represent the Petitioner.

In the absence of such an appointment, the pro se petition as to the remaining two issues is hereby denied without prejudice to refiling a petition with the assistance of counsel at the Petitioner's own expense.

FOR THE COURT

OFFICIAL

STEVEN LUCAS
Clerk of the Court